RECEIPT # _6600_

UNITED STATES DISTRICT COURT AMOUNT $_____
DISTRICT OF MASSACHUSETTS SUMMONS ISS. ___
LOCAL RULE 4.1 ___
DISTRICT COURT FEE OF ___
CIVIL ACTION NO ISSUED ___
120 OR 12 ___
DEPTY CLK ___
DATE 8-4-85 ___

BRIAN D. TIERNEY, as                    )
Administrator of the Estate of          )
Marjorie A. Tierney,                    )
         Plaintiff,                     )
                                        )  05 - 1 1 6 2 1 WGY
                                        )  Referred To MJ RB Collings
v.                                      )
                                        )
LITE SOURCE, INC.,                      )
         Defendant.                     )

## COMPLAINT AND JURY DEMAND

### PARTIES

1.    Plaintiff, Brian D. Tierney, is an individual and the surviving brother of the
      decedent, Marjorie A. Tierney. At all times material to this action, Plaintiff, Brian
      D. Tierney, resided at 51 High Street, Newburyport in the Commonwealth of
      Massachusetts, and Plaintiff continues to reside at that address. Plaintiff, Brian D.
      Tierney, was appointed Administrator of the Estate of Marjorie A. Tierney by
      virtue of a decree dated September 23, 2003, entered by a Justice of the New
      York Probate Court.

2.    Defendant, Lite Source, Inc., is a corporation organized and existing under the
      laws of California, with a principal place of business located at 14425 Yorba
      Avenue in Chino, California.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §
      1332. Plaintiff is a citizen of the Commonwealth of Massachusetts and defendant
      is a corporation organized and existing under the laws of California, with a
      principal place of business in California. The matter in controversy exceeds,
      exclusive of interest and costs, the sun specified by 28 U.S.C. § 1332

4.    Venue is proper in this district pursuant to 28 U.S.C. Section 1391, in that a
      substantial part of the events or omissions giving rise to the claim occurred in this
      district.

## GENERAL ALLEGATIONS

5.    At all relevant times and at all times hereinafter mentioned, Defendant, Lite Source, Inc., was engaged in the design, manufacture, sale, packaging and distribution of electrical appliances, including, but not limited to, halogen desk lamps.

6.    At all relevant times and at all times hereinafter mentioned, Defendant, Lite Source, Inc., represented and warranted that its halogen desk lamps were safe, fit for their intended uses, and free of any defects.

7.    In and before August 2003, Defendant, Lite Source, Inc., designed, manufactured, labeled, sold, packaged and distributed a halogen desk lamp ("Ski Desk Lamp" - Product ID No. LS-362-PS) that the decedent, Marjorie A. Tierney, purchased and kept in her apartment, Unit 5C, located at 222 West 15 Street in New York, New York.

8.    In and before August 2003, the decedent, Marjorie A. Tierney, used and maintained the halogen desk lamp in a safe and proper manner, without any alteration or modification, and in accordance with the manufacturer/distributor's instructions.

9.    On August 22, 2003, the halogen desk lamp, which was designed, manufactured, labeled, sold, packaged and distributed by the Defendant, Lite Source, Inc., was the direct and proximate cause of an extensive fire that killed the decedent, Marjorie A. Tierney.

## COUNT I
## NEGLIGENCE v. LITE SOURCE, INC.

10.    Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 9 above and further alleges that:

11.    The aforesaid fire and the resulting death of the decedent, Marjorie A. Tierney, were proximately caused by the negligence and breaches of duties owed by Defendant Lite Source, Inc., including, but not limited to the following:

    a.    failing to properly design the halogen desk lamp ("Ski Desk Lamp" - Product ID No.LS-362-PS) and its component parts;

    b.    failing to properly manufacture the halogen desk lamp;

    c.    failing to adequately test the halogen desk lamp to assess, determine, eliminate and/or reduce the risk or likelihood of fires;

d.  placing in the channels of trade a product that the Defendant knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

e.  marketing an inherently unsafe and/or dangerous product;

f.  misrepresenting that the halogen desk lamp was safe when the Defendant knew or should have know that the product was dangerous and unsafe;

g.  failing to warn consumers that the halogen desk lamp could cause or contribute to fire and/or fire damage;

h.  failing to make appropriate recommendations concerning the use, maintenance and storage of the halogen desk lamp;

i.  failing to properly withdraw or recall the halogen desk lamp and/or its component parts from the marketplace;

j.  failing to comply with applicable federal, state and/or regulations concerning the design, manufacture, labeling, sale and packaging of the halogen desk lamp; and,

k.  otherwise failing to exercise reasonable care under the circumstances that then and there existed.

WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant, Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT II
## STRICT LIABILITY v. LITE SOURCE, INC.

12.  Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 11 above and further alleges that:

13.  Defendant, Lite Source, Inc., designed, created, manufactured, packaged, labeled, sold, supplied and distributed the foregoing halogen desk lamp with inadequate warnings and in a defective and unreasonably dangerous condition under Section 402A of the Restatement (Second) of Torts, in each of the following ways:

a.  failing to properly design the halogen desk lamp and its component parts;

b.  failing to properly manufacture the halogen desk lamp;

3

c.      failing to adequately test the halogen desk lamp to assess, determine, eliminate and/or reduce the risk or likelihood of fires;

d.      placing in the channels of trade a product that the Defendant knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

e.      marketing an inherently unsafe and/or dangerous product;

f.      misrepresenting that the halogen desk lamp was safe when the Defendant knew or should have know that the product was dangerous and unsafe;

g.      failing to warn consumers that the halogen desk lamp could cause or contribute to fire and/or fire damage;

h.      failing to make appropriate recommendations concerning the use, maintenance and storage of the halogen desk lamp; and,

i.      failing to properly withdraw or recall the halogen desk lamp and/or its component parts from the marketplace.

14.    Defendant, Lite Source, Inc., by its failure to adequate warn and by virtue of its products defective and unreasonably dangerous condition, caused the foregoing fire and is strictly liable for the resulting death of the decedent, Marjorie A. Tierney.

       WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

### COUNT III
### BREACH OF WARRANTIES v. LITE SOURCE, INC.

15.    Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 14 above and further alleges that:

16.    Lite Source, Inc., designed, manufactured, fabricated, constructed, and sold a product, namely, the halogen desk lamp ("Ski Desk Lamp" - Product ID No.LS-362-PS).

17.    Lite Source, Inc., expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. Lite Source, Inc., was a merchant with

respect to goods of the kind involved in the incident. Lite Source, Inc., knew or had reason to know of the particular purpose for which the goods were required and that the decedent, Marjorie A. Tierney, was relying on Lite Source, Inc.'s skill and judgment to select and/or furnish suitable goods. Lite Source, Inc., also knew or had reason to know that the decedent, Marjorie A. Tierney, and those utilizing the product, relied on the warranties made by Lite Source, Inc. Lite Source, Inc., breached its warranties because the product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. The death of the decedent, Marjorie A. Tierney Plaintiff, was a direct and proximate result of the breaches of said warranties by Lite Source, Inc. Due notice has been given Lite Source, Inc., of its breaches of warranty.

WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT IV
## BREACH OF CONTRACT v. LITE SOURCE, INC.

18.    Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 17 above and further alleges that:

19.    Lite Source, Inc., agreed to design, manufacture, produce and provide a halogen desk lamp that was safe, merchantable and fit for its intended uses.

20.    Lite Source, Inc., breached its contract by failing to design, manufacture, produce and provide a halogen desk lamp that was safe, merchantable and fit for its intended uses.

WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT V
## WRONGFUL DEATH v. LITE SOURCE, INC.

21.    Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 20 above and further alleges that:

22.    This is a wrongful death action by Plaintiff against Defendant, Lite Source, Inc.

23.    At all time on December 29, 2000, Defendant, Lite Source, Inc., owed decedent Marjorie A. Tierney, a duty to design, manufacture, sell, package and distribute a halogen desk lamp that would cause her any injury or harm and to act in a reasonably safe, careful and non-negligent manner. Defendant, Lite Source, Inc., breached that duty of care.

24.    As a direct and proximate result of the negligence of Defendant, Lite Source, Inc., decedent, Marjorie A. Tierney, was killed.

25.    As a direct and proximate result of Defendant's aforesaid negligence and decedent's death, her estate and next of kin incurred funeral and burial expenses. In addition, as a direct and proximate result of Defendant's aforesaid negligence and decedent's death, her next of kin have suffered, and will continue to suffer in the future, a significant and devastating loss based upon the fair monetary value of decedent to them, including, but not limited to, the lost value of her reasonably expected net income and her services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.

        WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT VI
## CONSCIOUS PAIN AND SUFFERING v. LITE SOURCE, INC.

26.    Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 25 above and further alleges that:

27.    This is a claim for conscious pain and suffering experienced by decedent, Marjorie A. Tierney, prior to her death as a direct and proximate result of the negligence of Defendant, Lite Source, Inc., as described in the preceding paragraphs.

28.    As a direct and proximate result of the aforesaid conduct of Defendant, Lite Source, Inc., decedent experienced conscious pain and suffering prior to her death.

        WHEREFORE, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands that judgment be entered in behalf of the Estate of Marjorie A. Tierney against Defendant, Lite Source, Inc., for decedent's conscious pain and mental suffering prior to death in maximum

amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT VII
## LOSS OF CONSORTIUM v. LITE SOURCE, INC.

29.   Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 28 above and further alleges that:

30.   Plaintiff was, at the time of the accident complained of, the lawful brother of the decedent, Marjorie A. Tierney.

31.   As a direct and proximate result of the negligence of the defendant, Lite Source, Inc., in causing the injury and harm to the decedent, Marjorie A. Tierney, the Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, and her family have been caused to suffer the loss of Marjorie A. Tierney's care, comfort, counsel affection, society companionship and consortium.

WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1.   Enter a judgment against the Defendant declaring that the Defendant is legally and financially responsible for the damages that the Plaintiffs sustained or incurred;

2.   Award Plaintiff compensatory damages against the Defendant in an amount equal to the damage it has incurred and suffered;

3.   Award Plaintiff the costs of suit, including attorneys' and expert witnesses' fees;

4.   Award Plaintiff interest, including, but not limited to, pre-judgment interest; and,

5.   Fashion such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
Plaintiff,
BRIAN TIERNEY, as
Administrator of the Estate of
Marjorie A. Tierney,
By its attorneys,

Anthony J. Antonellis
BBO No. 557964
John A. Donovan III
BBO No. 631110
SLOANE AND WALSH, LLP.
Three Center Plaza
Boston, MA 02108
617-523-6010

S:\TIERNEY, ESTATE OF MARJORIE, PE 000 7372-Pleadings\Complaint.doc

8

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brian D. Tierney, as Administrator of the
Estate of Marjorie A. Tierney

**DEFENDANTS**
Lite Source, Inc.

**(b)** County of Residence of First Listed Plaintiff    Essex County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Bernardino County,
(IN U.S. PLAINTIFF CASES ONLY)                   CA
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 617-523-6010
Anthony J. Antonellis, John A. Donovan I
Sloane and Walsh, 3 Center Plaza, Boston,

Attorneys (If Known)

05 - 11 C 2 1 WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☐ 3  Federal Question
    (U.S. Government Not a Party)

☐ 2  U.S. Government
    Defendant

☒ 4  Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC, sec. 1332

Brief description of cause:
wrongful death case

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 1 million

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):    JUDGE                                 DOCKET NUMBER

DATE    8/3/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** _Brian D. Tierney v. Lite Source, Inc._

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

   [ ] I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases

   [x] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ] IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.    150, 152, 153.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
   YES [ ]    NO [x]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**
   YES [ ]    NO [x]
   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**
   YES [ ]    NO [ ]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
   YES [ ]    NO [x]

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**
   YES [x]    NO [ ]

   A.   **If yes, in which division do all of the non-governmental parties reside?**
        Eastern Division [x]        Central Division [ ]        Western Division [ ]

   B.   **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**
        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)   John A. Donovan, III
ATTORNEY'S NAME _Anthony J. Antonellis, Sloane and Walsh_
ADDRESS _3 Center Plaza, Boston, MA 02108_
TELEPHONE NO. _617-523-6010_

(CategoryForm.wpd - 5/2/05)