UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISTRICT COURT
CIVIL ACTION NO.: 05-11621WGY

| | |
|---|---|
| BRIAN D. TIERNEY, as Administrator of the Estate of Marjorie A. Tierney, Plaintiff, | ) ) ) ) |
| v. | ) ) |
| LITE SOURCE, INC., BASICS FURNITURE ON 7TH, INC., P&J REALTY MANGEMENT, LLC, JOHN DOE, as Trustee of P&J Realty Trust, and 14-15 ST. ASSOCIATES, L.P., Defendants. | ) ) ) ) ) ) ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

## PARTIES

1. Plaintiff, Brian D. Tierney, is an individual and the surviving brother of the decedent, Marjorie A. Tierney. At all times material to this action, Plaintiff, Brian D. Tierney, resided at 51 High Street, Newburyport in the Commonwealth of Massachusetts, and Plaintiff continues to reside at that address. Plaintiff, Brian D. Tierney, was appointed Administrator of the Estate of Marjorie A. Tierney by virtue of a decree dated September 23, 2003, entered by a Justice of the New York Probate Court.

2. Defendant, Lite Source, Inc., is a corporation organized and existing under the laws of California, with a principal place of business located at 14425 Yorba Avenue in Chino, California.

3. Defendant, Basics Furniture on 7th, Inc., is a corporation organized and existing under the laws of New York, with a principal place of business located at 92 7th Avenue, New York, New York.

4. Defendant, P&J Realty Management, LLC, is a limited liability company organized under the laws of New York with a principal place of business at 104 Fifth Avenue, 10th Floor, New York, New York.

5. Defendant, John Doe, is a trustee of P&J Realty Trust.

6. Defendant, 14-15 St. Associates, L.P., is a limited partnership organized under the laws of New York with a principal place of business at 104 Fifth Avenue, New York, New York.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the Commonwealth of Massachusetts and defendant is a corporation organized and existing under the laws of California, with a principal place of business in California. The matter in controversy exceeds, exclusive of interest and costs, the sun specified by 28 U.S.C. § 1332

8. Venue is proper in this district pursuant to 28 U.S.C. Section 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

9. At all relevant times and at all times hereinafter mentioned, Defendant, Lite Source, Inc., was engaged in the design, manufacture, sale, packaging and distribution of electrical appliances, including, but not limited to, halogen desk lamps.

10. At all relevant times and at all times hereinafter mentioned, Defendant, Lite Source, Inc., represented and warranted that its halogen desk lamps were safe, fit for their intended uses, and free of any defects.

11. In and before August 2003, Defendant, Lite Source, Inc., designed, manufactured, labeled, sold, packaged and distributed a halogen desk lamp ("Ski Desk Lamp" - Product ID No. LS-362-PS) that the decedent, Marjorie A. Tierney, purchased and kept in her apartment, Unit 5C, located at 222 West 15 Street in New York, New York.

12. In or about September 2002, the defendant, Basics Furniture on 7th, Inc., sold the halogen desk lamp to the decedent, Marjorie A. Tierney.

13. In and before August 2003, the defendants, P&J Realty Management, LLC, John Doe, as trustee of P&J Realty trust, and 14-15 St. Associates, L.P., owned, controlled, maintained, managed the apartment building at 222 West 15 Street in New York, New York, in which the decedent, Marjorie A. Tierney, occupied Unit 5C.

14. In and before August 2003, the decedent, Marjorie A. Tierney, used and maintained the halogen desk lamp in a safe and proper manner, without any

15. alteration or modification, and in accordance with the manufacturer/distributor's instructions.

15. On August 22, 2003, the halogen desk lamp, which was designed, manufactured, labeled, sold, packaged and distributed by the Defendant, Lite Source, Inc., was the direct and proximate cause of an extensive fire that killed the decedent, Marjorie A. Tierney.

## COUNT I
## NEGLIGENCE v. LITE SOURCE, INC.

16. Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 15 above and further alleges that:

17. The aforesaid fire and the resulting death of the decedent, Marjorie A. Tierney, were proximately caused by the negligence and breaches of duties owed by Defendant, Lite Source, Inc., including, but not limited to the following:

   a. failing to properly design the halogen desk lamp ("Ski Desk Lamp" - Product ID No.LS-362-PS) and its component parts;

   b. failing to properly manufacture the halogen desk lamp;

   c. failing to adequately test the halogen desk lamp to assess, determine, eliminate and/or reduce the risk or likelihood of fires;

   d. placing in the channels of trade a product that the Defendant knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

   e. marketing an inherently unsafe and/or dangerous product;

   f. misrepresenting that the halogen desk lamp was safe when the Defendant knew or should have know that the product was dangerous and unsafe;

   g. failing to warn consumers that the halogen desk lamp could cause or contribute to fire and/or fire damage;

   h. failing to make appropriate recommendations concerning the use, maintenance and storage of the halogen desk lamp;

   i. failing to properly withdraw or recall the halogen desk lamp and/or its component parts from the marketplace;

3

j. failing to comply with applicable federal, state and/or regulations concerning the design, manufacture, labeling, sale and packaging of the halogen desk lamp; and,

k. otherwise failing to exercise reasonable care under the circumstances that then and there existed.

WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant, Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT II
## STRICT LIABILITY v. LITE SOURCE, INC.

18. Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 17 above and further alleges that:

19. Defendant, Lite Source, Inc., designed, created, manufactured, packaged, labeled, sold, supplied and distributed the foregoing halogen desk lamp with inadequate warnings and in a defective and unreasonably dangerous condition under Section 402A of the Restatement (Second) of Torts, in each of the following ways:

   a. failing to properly design the halogen desk lamp and its component parts;

   b. failing to properly manufacture the halogen desk lamp;

   c. failing to adequately test the halogen desk lamp to assess, determine, eliminate and/or reduce the risk or likelihood of fires;

   d. placing in the channels of trade a product that the Defendant knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

   e. marketing an inherently unsafe and/or dangerous product;

   f. misrepresenting that the halogen desk lamp was safe when the Defendant knew or should have know that the product was dangerous and unsafe;

   g. failing to warn consumers that the halogen desk lamp could cause or contribute to fire and/or fire damage;

   h. failing to make appropriate recommendations concerning the use, maintenance and storage of the halogen desk lamp; and,

4

      i.      failing to properly withdraw or recall the halogen desk lamp and/or its component parts from the marketplace.

20. Defendant, Lite Source, Inc., by its failure to adequate warn and by virtue of its products defective and unreasonably dangerous condition, caused the foregoing fire and is strictly liable for the resulting death of the decedent, Marjorie A. Tierney.

      WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT III
## BREACH OF WARRANTIES v. LITE SOURCE, INC.

21. Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 20 above and further alleges that:

22. Lite Source, Inc., designed, manufactured, fabricated, constructed, and sold a product, namely, the halogen desk lamp ("Ski Desk Lamp" - Product ID No.LS-362-PS).

23. Lite Source, Inc., expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. Lite Source, Inc., was a merchant with respect to goods of the kind involved in the incident. Lite Source, Inc., knew or had reason to know of the particular purpose for which the goods were required and that the decedent, Marjorie A. Tierney, was relying on Lite Source, Inc.'s skill and judgment to select and/or furnish suitable goods. Lite Source, Inc., also knew or had reason to know that the decedent, Marjorie A. Tierney, and those utilizing the product, relied on the warranties made by Lite Source, Inc. Lite Source, Inc., breached its warranties because the product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. The death of the decedent, Marjorie A. Tierney Plaintiff, was a direct and proximate result of the breaches of said warranties by Lite Source, Inc. Due notice has been given Lite Source, Inc., of its breaches of warranty.

      WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT IV
## BREACH OF CONTRACT v. LITE SOURCE, INC.

24. Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 23 above and further alleges that:

25. Lite Source, Inc., agreed to design, manufacture, produce and provide a halogen desk lamp that was safe, merchantable and fit for its intended uses.

26. Lite Source, Inc., breached its contract by failing to design, manufacture, produce and provide a halogen desk lamp that was safe, merchantable and fit for its intended uses.

   WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT V
## WRONGFUL DEATH v. LITE SOURCE, INC.

27. Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph No. 1 through 26 above and further alleges that:

28. This is a wrongful death action by Plaintiff against Defendant, Lite Source, Inc.

29. At all time on December 29, 2000, Defendant, Lite Source, Inc., owed decedent Marjorie A. Tierney, a duty to design, manufacture, sell, package and distribute a halogen desk lamp that would cause her any injury or harm and to act in a reasonably safe, careful and non-negligent manner. Defendant, Lite Source, Inc., breached that duty of care.

30. As a direct and proximate result of the negligence of Defendant, Lite Source, Inc., decedent, Marjorie A. Tierney, was killed.

31. As a direct and proximate result of Defendant's aforesaid negligence and decedent's death, her estate and next of kin incurred funeral and burial expenses. In addition, as a direct and proximate result of Defendant's aforesaid negligence and decedent's death, her next of kin have suffered, and will continue to suffer in the future, a significant and devastating loss based upon the fair monetary value of decedent to them, including, but not limited to, the lost value of her reasonably expected net income and her services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.

   WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT VI
## CONSCIOUS PAIN AND SUFFERING v. LITE SOURCE, INC.

32. Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 31 above and further alleges that:

33. This is a claim for conscious pain and suffering experienced by decedent, Marjorie A. Tierney, prior to her death as a direct and proximate result of the negligence of Defendant, Lite Source, Inc., as described in the preceding paragraphs.

34. As a direct and proximate result of the aforesaid conduct of Defendant, Lite Source, Inc., decedent experienced conscious pain and suffering prior to her death.

   WHEREFORE, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands that judgment be entered in behalf of the Estate of Marjorie A. Tierney against Defendant, Lite Source, Inc., for decedent's conscious pain and mental suffering prior to death in maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT VII
## LOSS OF CONSORTIUM v. LITE SOURCE, INC.

35. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 34 above and further alleges that:

36. Plaintiff was, at the time of the accident complained of, the lawful brother of the decedent, Marjorie A. Tierney.

37. As a direct and proximate result of the negligence of the defendant, Lite Source, Inc., in causing the injury and harm to the decedent, Marjorie A. Tierney, the Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, and her family have been caused to suffer the loss of Marjorie A. Tierney's care, comfort, counsel affection, society companionship and consortium.

WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant Lite Source, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT VIII
## NEGLIGENCE v. BASICS FURNITURE ON 7TH, INC.

38. Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 37 above and further alleges that:

39. On and about September 2002, the Defendant, Basics Furniture on 7th, Inc., failed to exercise reasonable care under the circumstances that then and there existed.

40. The fire and the resulting death of the decedent, Marjorie A. Tierney, were proximately caused by the negligence and breaches of duties owed by Defendant, Basics Furniture on 7th, Inc.

WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendant, Basics Furniture on 7th, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## COUNT IX
## NEGLIGENCE v. P&J REALTY MANGEMENT, LLC, JONH DOE, AND 14-15 ST. ASSOCIATES, L.P.

41. Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, realleges and incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 40 above and further alleges that:

42. On or about August 22, 2004, the defendants, P&J Realty Management, LLC, John Doe, as Trustee of P&J Realty Trust, and 14-15 St. Associates, L.P., by its agents, servants or employees, were so careless and negligent in the ownership, control, maintenance, management of said property that it permitted or allowed unreasonably dangerous and defective conditions to exist on the premises which was not readily apparent to a reasonable observer, and then failed to take adequate precautions to forewarn the decedent, Marjorie A. Tierney, after said defendant had reasonable notice or opportunity to discover and remedy said dangerous condition.

43. The fire and the resulting death of the decedent, Marjorie A. Tierney, were proximately caused by the negligence and breaches of duties owed by Defendants,

P&J Realty Management, LLC, John Doe, as Trustee of P&J Realty Trust, and 14-15 St. Associates, L.P.

WHEREFORE, Plaintiff, Brian D. Tierney, as Administrator of the Estate of Marjorie A. Tierney, respectfully demands judgment be entered in behalf of the Estate of Marjorie A. Tierney and her next of kin against Defendants, P&J Realty Management, LLC, John Doe, as Trustee of P&J Realty Trust, and 14-15 St. Associates, L.P., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.

## **DEMANDS FOR RELIEF**

WHEREFORE, Plaintiff request that the Court:

1. Enter a judgment against the Defendants declaring that the Defendants are legally and financially responsible for the damages that the Plaintiff sustained or incurred;

2. Award Plaintiff compensatory damages against the Defendants in an amount equal to the damage it has incurred and suffered;

3. Award Plaintiff the costs of suit, including attorneys' and expert witnesses' fees;

4. Award Plaintiff interest, including, but not limited to, pre-judgment interest; and,

5. Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

                                                      Respectfully submitted,
                                                     Plaintiff,
                                                     BRIAN TIERNEY, as
                                                     Administrator of the Estate of
                                                     Marjorie A. Tierney,
                                                     By its attorneys,


                                                     /s/ Anthony J. Antonellis_____
                                                     Anthony J. Antonellis
                                                     BBO No. 557964
                                                     John A. Donovan III
                                                     BBO No. 631110
                                                     SLOANE AND WALSH, LLP.
                                                     Three Center Plaza
                                                     Boston, MA 02108
                                                     617-523-6010

S:\TIERNEY, ESTATE OF MARJORIE, PE 000 7372\Pleadings\Complaint - First Amended.doc4